UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES MCCLERNON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02322-JPH-DML |
| | ) | |
| DAVE WEDDING, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORUPUS**

James McClernon was convicted of failure to register as a sex offender in an Indiana state court. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that Indiana's Sex Offender Registration Act was void for vagueness as applied to him. For the reasons set forth below, his petition for a writ of habeas corpus is **granted**.

**I.
Background**

Indiana's Sex Offender Registration Act requires sex offenders to periodically provide the following information:

> The sex or violent offender's full name, alias, any name by which the sex or violent offender was previously known, date of birth, sex, race, height, weight, hair color, eye color, any scars, marks, or tattoos, Social Security number, driver's license number or state identification card number, **vehicle description, vehicle plate number, and vehicle identification number for any vehicle the sex or violent offender owns or operates on a regular basis**, principal residence address, other address where the sex or violent offender spends more than seven (7) nights in a fourteen (14) day period, and mailing address, if different from the sex or violent offender's principal residence address.

Ind. Code § 11-8-8-8(a)(1) (emphasis added).

Knowing or intentional non-compliance with the registration requirements, including making material misstatements or omissions when registering, is a criminal offense. Ind. Code § 11-8-8-17(a).

The following facts are summarized from the probable cause affidavit that was prepared by the investigating law enforcement officer in support of the criminal charges that were filed against Mr. McClernon. Dkt. 7-2 at 12-14.

Mr. McClernon borrowed a truck from Wesley Detalente on February 2, 2019. On February 4, 2019, Mr. McClernon drove the truck to the Sheriff's Office to update his sex-offender registration. Mr. McClernon was homeless at the time so he was required to register on a weekly basis with local law enforcement and provide an address of the location where he would be staying that week.  Dkt. 6 at 8. He did not include any information about the truck with his updated registration.

On February 6, 2019, Mr. McClernon was pulled over by the police. He told the officer that he had been using the truck for "about five days." Dkt. 7-2 at 13. He was charged with having failed to disclose on February 4, 2019, a vehicle that he "owns or operates on a regular basis" in violation of Indiana Code § 11-8-8-17(a). The Charging Information filed by the Vanderburg County Prosecutor's Office alleged:

> The undersigned says that in Vanderburg County, State of Indiana, on or about February 4, 2019, James Christopher McClernon, a sex or violent offender required to register under IC 11-8-8, did knowingly or intentionally fail to register as required, contrary to the form of the statutes in such cases made and provided by I.C. 11-8-8-17(a)(1) and against the peace and dignity of the State of Indiana.

Dkt. 7-2 at 10.

Mr. McClernon moved to dismiss the charge on the ground that the vehicle registration requirement was void for vagueness as applied to him. Dkt. 6-1 at 4. The trial court denied the motion, and Mr. McClernon pursued an interlocutory appeal. *Id.* at 4-5.

The Indiana Court of Appeals affirmed the trial court, holding that a reasonable person would have known that borrowing a truck for five days would require registration under the Indiana statute. *McClernon v. State*, 139 N.E.3d 1104 (2019); dkt. 6-5.

The Indiana Supreme Court denied Mr. McClernon's petition to transfer. *McClernon v. State,* 149 N.E.3d 598 (Ind. 2019). Mr. McClernon then pleaded guilty to the charge and was sentenced to two years of incarceration. Dkt. 6-1 at 12.

Mr. McClernon filed the petition for a writ of habeas corpus in this case on September 7, 2020, hours before he was released from jail. Dkt. 1. In the petition, Mr. McClernon argues that the Indiana Court of Appeals erroneously denied his motion to dismiss and should have found that the Indiana Sex Offender Registration Act as applied to him in this context was unconstitutionally void for vagueness.

## II.
## Custody and Mootness

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The custody determination is made at the time the petition is filed. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Mr. McClernon filed

his petition challenging his felony conviction hours before he was released from physical custody, so the "in custody" requirement is satisfied. *Id.*

Because Mr. McClernon was released shortly after filing his petition, the Court considers whether his petition is moot. "A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution. 'In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). A habeas action is not necessarily mooted when the petitioner is released from incarceration so long as he continues to suffer a "collateral consequence" of the conviction. *Id.* at 278 (citing *Spencer*, 523 U.S. at 7). And felony convictions, like the one Mr. McClernon challenges, are presumed to carry collateral consequences such as the loss of the right to vote, hold office, or serve on a jury. *Id.* at 279 (citing *Spencer*, 523 U.S. at 7-8). Thus, Mr. McClernon's petition is not mooted by his release from custody. *See United States v. Laguna*, 693 F.3d 727, 729 (7th Cir. 2012).

## III.
## Habeas Review Standard

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). When a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc). If the last reasoned state court decision did not adjudicate the merits of a claim, or if the adjudication was unreasonable under § 2254(d), federal habeas review of that claim is *de novo*. *Thomas v. Clements*, 789 F.3d 760, 766–68 (7th Cir. 2015).

## IV.
## Discussion

Mr. McClernon argues that the section of Indiana's sex offender registration statute that required him to provide information related to "any vehicle the sex or violent offender owns or operates on a regular basis" was unconstitutionally vague as applied to him.

5

### A. Unreasonable fact determination

Mr. McClernon argues that the Indiana Court of Appeals' decision was based on an unreasonable determination of the facts, specifically, that he used the truck for five consecutive days.

Factual determinations are not unreasonable under § 2254(d)(2) "merely because the federal habeas court would have reached a different conclusion in the first instance," nor are they unreasonable if "[r]easonable minds reviewing the record might disagree about the finding in question." *Wood v. Allen*, 558 U.S. 290, 301 (2010) (citation and quotation marks omitted). A state court's determination of the facts is unreasonable only when no fairminded jurists could disagree on the correctness of the state court's decision. *Harrington*, 562 U.S. at 101.

Here, the Court of Appeals' analysis of the constitutionality of the statute as applied to Mr. McClernon was based on the understanding that Mr. McClernon had operated the truck for at least five consecutive days:

> And, here, a reasonable person would have considered McClernon's failure to register the information for the vehicle he operated to have put him at risk under the statute. According to the probable cause affidavit, *McClernon operated the red Chevy truck for at least five consecutive days*. . . This conduct, it could be argued, was not mere occasional, infrequent, or incidental use.

Dkt. 6-5 at 9-10 (emphasis added).

The Court of Appeals based its finding that Mr. McClernon had operated the truck for "five consecutive days" on the probable cause affidavit. *Id.* The Court of Appeals concluded that the alleged facts "suffice to demonstrate that, as applied to [Mr. McClernon] under the reasonable-person standard, Indiana Code

6

Section 11-8-8-8(a)(1) was not 'too ambiguous to define a criminal offense.'" *Id.* at 10.

The problem is that the criminal charge filed against Mr. McClernon didn't allege that he had used the truck for "five consecutive days." Instead, the Charging Information filed by the Vanderburg County Prosecutor's Office alleged:

> The undersigned says that in Vanderburg County, State of Indiana, *on or about February 4, 2019*, James Christopher McClernon, a sex or violent offender required to register under IC 11-8-8, did knowingly or intentionally fail to register as required, . . . .

Dkt. 7-2 at 10 (emphasis added).

On February 4, 2019—the date of the offense Mr. McClernon was charged with—Mr. McClernon had been using the truck since February 2, 2019. Dkt. 7-2 at 10. He therefore could not have "operated the red Chevy truck for at least five consecutive days", dkt. 6-5 at 9-10, as stated by the Court of Appeals. While the Court of Appeals did not express any "opinion on whether those alleged facts, if proven, would be sufficient to convict McClernon of the alleged offense," dkt. 6-5 at 10, it relied on those facts in determining whether "a reasonable person would have considered McClernon's failure to register the information for the vehicle he operated to have put him at risk under the statute". *Id.* Specifically, the court said "[t]his conduct, it could be argued, was not mere occasional, infrequent, or incidental use." *Id.* It is clear from the Court of Appeals' opinion that "this conduct" referred to, among other things, Mr. McClernon's operation of the truck for at least five consecutive days. Dkt. 6-5 at 9-10. Maybe the Court of Appeals was relying on the February 6 date of arrest when it referred to Mr.

7

McClernon's use of the truck for five consecutive days. But even if so, that was nonetheless an unreasonable factual determination because Mr. McClernon was charged with having violated the law on February 4.

Reasonable jurists could not disagree that the record which the Court of Appeals relied upon shows that Mr. McClernon had possessed the truck for less than three days—not at least five consecutive days—when he updated his registration on February 4, 2019. And in its analysis, the Indiana Court of Appeals relied on the five days, saying nothing about whether a reasonable person would have understood operation of the truck for less than three days to be more than mere occasional, infrequent, or incidental use. *See* dkt. 6-5 at 9-10. The Indiana Court of Appeals' decision was therefore "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).[1] It is thus not entitled to AEDPA deference and the Court reviews Mr. McClernon's claim *de novo*. *Carlson v. Jess*, 526 F.3d 1018, 1024 (7th Cir. 2008) ("Because the trial court based its decision on an unreasonable factual determination, the substantive merits of Carlson's claim are analyzed under the pre-AEDPA standard-that is, *de novo*-because there is no state court analysis to apply AEDPA standards to.").

---

[1] The record also rebuts any presumption that the Indiana Court of Appeals' factual determination was correct. *See* 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 300 (2010) (discussing the unresolved relationship between § 2254(d)(2) and § 2254(e)(1); *Price v. Thurmer*, 637 F.3d 831, 837 (7th Cir. 2011) (same). Although the Court analyzes the factual determination under § 2254(d)(2), the arguably more demanding standard of § 2254(e)(1) is also met because there is no evidence in the record that Mr. McClernon possessed the truck before February 2, 2019, which would be required for him to have possessed the truck for five days by the time he registered on February 4, 2019, as the state court concludes.

## B. *De novo* review

Mr. McClernon argues that the "on a regular basis" requirement of Indiana Code § 11-8-8-8 was unconstitutionally vague as applied to him in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment prohibits any state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. "[T]he Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015) (citing *Kolender v. Lawson,* 461 U.S. 352, 357–58 (1983)). A void-for-vagueness challenge is evaluated "in light of the facts of the particular case—*i.e.,* as applied—rather than in the abstract." *United States v. Cook*, 970 F.3d 866, 873 (7th Cir. 2020) (citations omitted).

The evidence on which Mr. McClernon's conviction was based shows that he began using the truck on February 2, 2019, and was charged with violating the statute by having failed to disclose information about the truck when he updated his registration on February 4, 2019. It is not clear from the statute that a sex offender would be required to disclose a vehicle that he used for such a short period of time. The statute requires disclosure only of vehicles that the registrant "owns or operates on a regular basis." Ind. Code § 11-8-8-8(a)(1).

The respondent argues that Indiana Code § 11-8-8-17(a)'s mens rea requirement cures any vagueness in § 11-8-8-8 registration requirements. Dkt.

9

6 at 13-15. The Supreme Court has stated that a statute's mens rea requirement can reduce the potential for vagueness. *Holder v. Humanitarian L. Project*, 561 U.S. 1, 21 (2010) (collecting cases). But a mens rea requirement is not an automatic cure-all for any statutory vagueness challenge. The Court must analyze the specific statutory language as applied to the petitioner's actual conduct. *Id.* (analyzing the as-applied challenge despite the statute's inclusion of a knowledge requirement).

For example, in *Whatley v. Zatecky*, 833 F.3d 762, 784 (7th Cir. 2016), the Seventh Circuit reviewed an Indiana statute that made it a felony to possess "more than three grams of cocaine on a school bus or within 1000 feet of school property, a public park, a family housing complex or a 'youth program center.'" *Id.* at 765. The statute defined "youth program center" as any "building or structure that on a regular basis provides recreational, vocational, academic, social, or other programs or services for persons less than eighteen (18) years of age." *Id.* The evidence at Whatley's trial showed that a local church held four to six youth activities each week. *Id.* at 766. The Seventh Circuit held that the statute was vague as applied to Whatley because "the use of the word 'regular' . . . provides no objective standard, and thereby fails to place persons of ordinary intelligence on notice of the conduct proscribed and allows for arbitrary enforcement." *Id.* at 784.

Here, as in *Whatley*, the statute does not provide an objective standard by which to determine whether one's use of a vehicle is "regular." It therefore fails

to place a person of ordinary intelligence on notice of the conduct proscribed and opens the door for arbitrary enforcement. *Johnson*, 576 U.S. at 595.

The inclusion of a mens rea requirement does not ameliorate this vagueness. The mens rea requirement protects a defendant who unknowingly omits or misstates information on his registration. *See Dye v. State*, 943 N.E.2d 928, 931 (Ind. Ct. App. 2011) (reversing conviction for violating I.C. § 11-8-8-17 because evidence was insufficient to show that illiterate defendant knew he misstated his address on his weekly registration forms). *United States v. Johnson*, 911 F.3d 849 (7th Cir 2018), relied upon by the respondent for the proposition that a mens rea requirement cures any potential vagueness in Indiana's registration statute, illustrates the same point. In *Johnson,* the court held that the probation condition in question—that the defendant shall not knowingly leave the judicial district without permission—was not vague because "judicial district" was a statutory term and anyone could look up the objective boundaries of the district. *Id.* at 853. The court stated that the knowing requirement "cured any potential vagueness" because the defendant would not be prosecuted for accidentally straying beyond those boundaries. *Id.*

Unlike Dye and Johnson, Mr. McClernon did not accidentally or unknowingly omit information about the truck when he updated his registration. Instead, he knowingly omitted information about the truck in a situation when a reasonable person would not have known that the State would consider the use of a borrowed vehicle between February 2, 2019 and February 4, 2019 to

constitute operation of a vehicle "on a regular basis" under the sex offender registration statute.

Thus, as applied to Mr. McClernon's conduct, the mens rea requirement did not cure the statute's vagueness. *Humanitarian L. Project*, 561 U.S. at 21 (a mens rea requirement is not an automatic cure-all for vagueness; a court must still analyze the specific statutory language as applied to the petitioner's actual conduct).

The Court finds Indiana Code § 11-8-8-8's requirement that a sex offender register any vehicle he uses "on a regular basis" void for vagueness as applied to Mr. McClernon in this case. Because Mr. McClernon raises an as-applied challenge, the Court does not address whether the statute may be void for vagueness in any other applications.

## IV.
## Conclusion

Because the statute was void for vagueness as applied to Mr. McClernon, his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **GRANTED**. The respondent is directed to notify the Court that all appropriate steps have been taken to vacate Mr. McClernon's conviction in case number 82C01-1903-F5-001766 and expunge it from Mr. McClernon's record **within 90 days** of this Order. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) ("habeas corpus relief is not limited to immediate release from illegal custody"); *A.M. v. Butler*, 360 F.3d 787, 802 (7th Cir. 2004) (affirming federal district court's order to expunge state criminal record).

Final Judgment in accordance with this decision shall issue.

**SO ORDERED.**

Date: 3/9/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Michael K. Ausbrook
mausbrook@gmail.com

Caryn Nieman Szyper
INDIANA ATTORNEY GENERAL
caryn.szyper@atg.in.gov